GULOTTA, Judge.
In this appeal, we are confronted with a question whether an employee timely appealed [1] from the Administrator’s determination denying her claim for unemployment benefits. The trial court affirmed the Board of Review’s determination that the appeal, filed with the appeals referee more than 10 days after notice of determination, was untimely. Plaintiff appeals. We reverse.
Mrs. Laura Doescher filed a claim for unemployment benefits which was denied by the New Orleans area office of the Louisiana Department of Employment Security. On May 30, 1973, the area office mailed a “Notice of • Claim Determination” to her which stated that she had been disqualified for benefits from May 18,1973. The notice contained the following language:
“APPEAL RIGHTS: If you do not or your employer does not agree with this determination, the area office shown below should be contacted, in person or by mail, by 6-11-73 which is 10 days from the date this determination was mailed to you. * * * ”
A second “Notice of Claim Determination” was mailed to plaintiff on the same date, May 30, 1973. This notice stated: “Disqualification effective 5-18-73 remains in effect.” Under the heading “Findings of Fact” the notice further stated:
“You have submitted medical proof as to your ability to work. You meet the eligibility requirements of the La. Em *390 ployment Security Law and you are eligible to benefits as of the effective renewal date of your claim, 5-20-73.
“The disqualification effective 5-18-73 regarding your separation from your last employment remains in effect.”
This document was not a part of the record before the appeals referee, the Board of Review or the District Court. In the District Court, the parties apparently did not appear or present oral argument. Instead, the matter was submitted on memoranda and the second “Notice of Claim Determination” was attached to the claimant’s memorandum to the trial judge.
Mrs. Doescher had filed an appeal with the appeals referee on July 10,1973. Without affording the claimant an opportunity for a hearing, the referee dismissed the appeal for the reason that it had not been filed within the time limit prescribed by LSA-R.S. 23:1629. The Board of Review affirmed the decision of the appeals referee. Claimant thereafter filed a “Petition for Review” in Civil District Court which rendered judgment affirming the dismissal.
In a “Notice to Appeals Referee” filed by Mrs. Doescher on July 10, 1977, which is made part of the administrative record in the case, she states:
“I disagree with the decision of the agency.
“This appeal is untimely because I reported as scheduled and was never advised that I was disqualified; the form I received was so confusingly worded, that I misunderstood it; I was also advised at the benefit rights interview not to question the agency if my checks were delayed.”
Following the adverse decision of the appeals referee, Mrs. Doescher mailed a letter to the Board of Review, dated July 26,1973, which is also filed in the administrative record. In this letter, she states:
“I did not file my appeal from the decision of the agency within ten days because I did not understand from the decisions mailed to me that I was disqualified. Two forms LDES 385 were mailed to mé stapled together. The first form indicated I was disqualified May 18,1973, because of my separation. The second form, which I read last, indicated that I was available for work May 20, 1973, and that I was eligible for benefits. While the second form indicated the previous disqualification remained in effect, I did not understand what this meant, because I understood that since I was declared eligible May 20, which was later than the ineligibility of May 18, that the decision of the later date counteracted the decision of the earlier date. I did not understand that these were two separate parts of the law.”
LSA-R.S. 23:1634, in pertinent part, provides:
“ * * * In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court, but the court may order additional evidence to be taken before the board of review, and the board of review may, after hearing such additional evidence, modify its findings of fact or conclusions, and file such additional or modified findings and conclusions, together with a transcript of the additional record, with the court. * * * ”
Accordingly, neither this court nor the District Court can consider the second “Notice of Claim Determination” and render a judgment on the merits; However, LSA-R.S. 23:1634 does permit us to “order additional evidence to be taken before the board of review”. Accordingly, in view of the absence in the record of the second “Notice of Determination” mailed to Mrs. Doescher, she is entitled to be afforded the opportunity, on remand, to file the document into the record and present any other evidence relating to the untimeliness of her appeal.[2]
*391 Accordingly, the judgment of the trial court affirming the decision of the Board of Review is reversed. This matter is remanded for a hearing before the Board of Review in order to afford an opportunity to the claimant, Mrs. Doescher, to file into the record evidence of the second “Notice of Claim Determination” and any other evidence pertaining to the untimeliness of her appeal.

REVERSED AND RENDERED

. LSA-R.S. 23:1629, in pertinent part, provides:
§ 1629. Appeals to appeal tribunals; time for filing; notice of decision
“The claimant or any other party entitled to notice of a determination may file an appeal from such determination with an appeal tribunal within ten days after the date notification was given or was mailed to his last known address.”

. We point out, by way of dicta, that an ambiguous notice of disqualification may be insuffi-dent to constitute notice of determination as required by LSA-R.S. 23:1625. In such in *391 stance, an ambiguous notice might constitute no notice at all and the 10-day period in which to file an appeal as set forth in LSA-R.S. 23:1629 (which commences from the date a determination is mailed) might not have expired.